206 N.J. Super. 359 (1985)
502 A.2d 1159
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN V. WILHALME, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM DENNO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1985.
Decided December 24, 1985.
*360 Before Judges PRESSLER, BILDER and GRUCCIO.
Frank D. DeVito, argued the cause for appellants (Francis X. Moore, attorney; Frank D. DeVito on the briefs).
James W. Kennedy, Assistant Prosecutor, argued the cause for respondent (John A. Kaye, Monmouth County Prosecutor, attorney; James W. Kennedy on the briefs).
The opinion of the Court was delivered by BILDER, J.A.D.
These cases, consolidated for the purpose of this opinion, both involve the question of whether the enhanced two-year license suspension penalty for refusal to take a breathalyzer test set forth in N.J.S.A. 39:4-50.4a is applicable where the driver has a prior conviction for driving while intoxicated but not for refusal. Both defendants were convicted of refusal and penalized by two-year suspensions. They concede that prior to 1981 the enhanced penalty for a refusal was applicable regardless of whether the first offense was for driving while intoxicated or for refusal, In re Bergwall, 85 N.J. 382 (1981), rev'g on *361 dissent, 173 N.J. Super. 431, 436 (App.Div. 1980). But they contend that a 1981 amendment, L. 1981, c. 512, changed the law to limit the enhanced penalty to cases where there had been a prior refusal.
Prior to 1981, N.J.S.A. 39:4-50.4 provided for administrative handling of refusal to submit to test cases and contained the following penalty provision:
Any revocation of the right to operate a motor vehicle over the highways of this State for refusing to submit to a chemical test shall be for 90 days unless the refusal was in connection with a subsequent offense of this section, in which case, the revocation period shall be for 1 year. In addition to any other requirements provided by law, a person whose operator's license is revoked for refusing to submit to a chemical test must satisfy the requirements of a program of alcohol education or rehabilitation pursuant to the provisions of N.J.S.A. 39:4-50. (Emphasis added.)
The phrase "of this section" referred to the general drunk driving statute, N.J.S.A. 39:4-50, and encompassed previous convictions of driving under the influence. In re Bergwall, supra.
In 1981 N.J.S.A. 39:4-50.4 was replaced by N.J.S.A. 39:4-50.4a which placed jurisdiction over refusal to submit cases in the municipal courts. L. 1981, c. 512. At the same time, the enhanced penalty was increased to two years. L. 1981, c. 537. After the amendments, the penalty provision read:
The municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of R.S. 39:4-50, shall refuse to submit to the chemical test provided for in section 2 of P.L. 1966, c. 142 (C. 39:4-50.2) when requested to do so, for 6 months unless the refusal was in connection with a subsequent offense under this section, in which case the revocation period shall be for 2 years. (Emphasis added.)
Defendants argue that the phrase "under this section" changes the prior law and limits the two-year revocation to subsequent refusals to submit. They predicate their argument on the legislative history of the amendment during which the original phrase "of this section" was replaced by the phrase "under N.J.S.A. 39:50-4" and this was in turn replaced by the final language "under this section" and upon the replacement of the word "of" with "under".
*362 An examination of the legislative history in chronological juxtaposition with the litigation history of Bergwall rebuts defendant's contention. In 1980 we held that the phrase "of this section" was limited to prior refusals to submit. In re Bergwall, 173 N.J. Super. 431, 433 (App.Div. 1980). In a dissent, Judge Lora expressed the view that the phrase encompassed the drunk driving section of Title 39, N.J.S.A. 39:4-50  that the legislative history clearly indicated a prior drunk driving conviction would trigger the greater penalty. Id. at 437-440. After our opinion in Bergwall, the legislation was introduced which repealed N.J.S.A. 39:4-50.4 and enacted N.J.S.A. 39:4-50.4a. In its original version, the phrase "in this section" was replaced with "under R.S. 39:4-50", the meaning unsuccessfully urged by Judge Lora in his dissent. Assembly Bill 2293 of 1980. On March 26, 1981 our Supreme Court reversed our opinion for the reasons expressed in the dissent. In re Bergwall, 85 N.J. at 383. Seven weeks later, Senate Judiciary Committee Amendments to the legislation replaced the phrase "R.S. 39:4-50" with "this section." Assembly Bill 2293 of 1980 with Senate Committee Amendments. This change was responsive to the Supreme Court's construction of N.J.S.A. 39:4-50 and incidentally explains the change in phraseology from "in this section" to "under this section."
We are persuaded that the Legislature was familiar with the judicial history and intended to use words which had been judicially construed so as to leave the operation of the enhanced penalty provision unchanged. See Brewer v. Porch, 53 N.J. 167, 174 (1969); In re Estate of Posey, 89 N.J. Super. 293, 301 (Cty.Ct. 1965) aff'd 92 N.J. Super. 259 (App.Div. 1966). Ordinarily, a revision such as this is not construed to alter existing law unless there is a clear indication the Legislature desires it have such effect. See Helfrich v. Hamilton Tp., 182 N.J. Super. 365, 370 (App.Div. 1981). We have a strong public policy against drunk driving  reflective of a broad public insistence on the separation of drinking and driving. The continued *363 application of the Bergwall construction to N.J.S.A. 39:4-50.4a recognizes that policy.
The final paragraph of N.J.S.A. 39:4-50.4a provides:
In addition to issuing a revocation, the municipal court shall fine a person convicted under this section, a fine of not less than $250.00 nor more than $500.00.
Defendants point out that the phrase "under this section" as used here clearly refers only to the refusal provisions and argue that the phrase should ordinarily be given the same meaning throughout. See Oldfield v. New Jersey Realty Co., 1 N.J. 63, 69 (1948). Although used in the same legislation, the phrase in this part of the refusal provisions appears in a completely different context. See Howard v. Harwood's Restaurant Co., 25 N.J. 72, 89-90 (1957).
Finally, defendants argue that the Division of Motor Vehicles has interpreted "under this section" as referring only to refusal violations. They derive this notion from the change in the standard statement prepared pursuant to N.J.S.A. 39:4-50.2(e) for use in connection with administering breathalyzer tests. Following the passage of N.J.S.A. 39:4-50.4a, reference to a previous conviction "under the drinking-driving law" was changed to a previous conviction "under this section." The change merely tracked the statutory language.
Defendants' argument that N.J.S.A. 39:4-50a is void for vagueness is without merit. Whatever doubt existed as to the penalties for refusal to submit to a breathalyzer test were laid to rest by Bergwall. Our conclusion in this regard finds implicit support in State v. Grant, 196 N.J. Super. 470 (App.Div. 1984), where we affirmed a similar enhanced penalty without however considering the issues raised herein.

Kevin Wilhalme
Defendant Kevin Wilhalme pled guilty in the Monmouth Beach Municipal Court to refusal to take a breathalyzer test. He was fined $250 and, because of a prior conviction in 1979 for driving while under the influence, his license was revoked for *364 two years. He appealed the sentence to the Law Division which affirmed the conviction and imposed the same sentence. His sole contention on appeal before us relates to his challenge to the enhanced penalty based upon a prior conviction of N.J.S.A. 39:4-50, a subject already fully covered.

William Denno
On January 29, 1985 defendant William Denno was convicted in the Wall Township Municipal Court of refusal to take a breathalyzer test. At the same time he was found not guilty of driving under the influence and failure to yield in a pedestrian crossing. He was fined $500 and, because of a prior conviction of driving while under the influence, his license was revoked for two years. He appealed to the Law Division which affirmed the conviction and imposed the same sentence. On appeal he also challenges the enhanced penalty based upon a prior conviction of N.J.S.A. 39:4-50. He also contends his Miranda rights, made applicable to custodial interrogation in motor vehicle cases by Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), were violated; that he was denied his constitutional right to counsel before submitting to a breathalyzer test; and that there was insufficient evidence to support a finding of probable cause to request the taking of a breath sample.
Defendant Denno's additional contentions are clearly without merit. R. 2:11-3(e)(2). The incident which led to defendant's conviction took place on August 6, 1983, before the Berkemer ruling. It is not applied retroactively. State v. Adams, 200 N.J. Super. 385, 391 (App.Div. 1985). Defendant had no right to counsel before submitting to a breathalyzer test. See State v. Corrado, 184 N.J. Super. 561, 569 (App.Div. 1982). The finding that the police officer had sufficient probable cause to believe defendant had been driving the car on a public highway while under the influence of intoxicating liquor *365 is supported by substantial credible evidence in the record. See State v. Johnson, 42 N.J. 146, 162 (1964).
The two year license revocations imposed by the trial judges are affirmed.