675 A.2d 653

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
NELSON FIELDING, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 17, 1996—Decided May 7, 1996.

Before Judges LANDAU, KLEINER and HUMPHREYS [1].

*Leonard S. Miller*, argued the cause for appellant.

*Judith A. Eisenberg*, Special Deputy Attorney General, Acting Assistant Prosecutor, argued the cause for respondent (*Charles R. Buckley*, Deputy Attorney General, Acting Bergen County Prosecutor, attorney; *Ms. Eisenberg*, of counsel and on the letter-brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant Nelson Fielding appeals from an August 10, 1995 determination of the Law Division that upheld upon *de novo* review a municipal court judgment that he was guilty of violating *N.J.S.A.* 39:4–50.4a, refusal to submit to a breathalyzer test, and that sentenced him as a subsequent (second) offender under that section.

Fielding had been stopped on February 1, 1993 and issued summonses for driving without headlights (*N.J.S.A.* 39:3–47); driving under the influence of intoxicating liquor (*N.J.S.A.* 39:4–50); and the refusal charge. In December 1994, the DWI charge was dismissed on motion of the prosecutor, and Fielding pled guilty to the headlights and refusal charges. He was sentenced on the refusal violation as a second offender for reasons discussed below.

---

[1] Judge Humphreys did not participate in oral argument, but has joined in this opinion by consent of the parties.

The sole issue before the Law Division judge and before this court is whether Fielding, who had two 1981 DWI convictions, properly was sentenced as a subsequent offender, requiring a two-year license revocation, or whether he should have been sentenced as a first offender under *N.J.S.A.* 39:4–50.4a, in which case his license would have been revoked for only six months.

During the period relevant to this refusal, *N.J.S.A.* 39:4–50.4a read, in pertinent part:

> The municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of R.S. 39:4–50, shall refuse to submit to the chemical test provided for in section 2 of P.L.1966 c. 142 (C. 39:4–50.2) when requested to do so, for 6 months unless the refusal was in connection with a subsequent offense under this section, in which case the revocation period shall be for 2 years.

While literal reading of this language might suggest that a subsequent offense is one arising only under *N.J.S.A.* 39:4–50.4a (the refusal statute), our courts have consistently interpreted the statute as requiring that a prior DWI conviction be deemed a prior violation for purposes of the enhanced refusal penalty. *In re Bergwall*, 85 *N.J.* 382, 427 *A.2d* 65 (1981), *rev'g on dissent* 173 *N.J.Super.* 431, 414 *A.2d* 584 (App.Div.1980); *State v. Tekel*, 281 *N.J.Super.* 502, 658 *A.2d* 1281 (App.Div.1995); *State v. Fahrer*, 212 *N.J.Super.* 571, 515 *A.2d* 1240 (App.Div.1986); *State v. Wilhalme*, 206 *N.J.Super.* 359, 502 *A.2d* 1159 (App.Div.1985), *certif. denied*, 104 *N.J.* 398, 517 *A.2d* 401 (1986). Compare *State v. DiSomma*, 262 *N.J.Super.* 375, 621 *A.2d* 55 (App.Div.1993), in which it was held that the reverse situation, i.e., a DWI conviction which follows an earlier refusal violation, does not constitute a second offense for enhancement purposes. We have distinguished *DiSomma* in *Tekel, supra*, and in several other, unreported, decisions. In enacting further amendments to *N.J.S.A.* 39:4–50.4a, by *L.* 1994 *c.* 184, § 2, the Legislature has chosen again not to modify the "this section" language while presumably aware of the consistent judicial construction of that language since *Bergwall* to include a DWI conviction as a prior offense. As we noted in *Wilhalme, supra,* 206 *N.J.Super.* at 362–63, 502 *A.2d* 1159, legislative retention of judicially construed language signals an agree-

ment with the language, as construed. *See also State v. Szemple*, 135 *N.J.* 406, 430, 640 *A.*2d 817 (1994). We think this principle of interpretation to be even more persuasive when there have been multiple legislative amendments, as here, in the presence of a consistent pattern of judicial interpretation.

■ That does not entirely end the present inquiry, however, inasmuch as the last of Fielding's two prior DWI convictions occurred in 1981, more than ten years before the present charges.

Pursuant to *N.J.S.A.* 39:4–50(a), the imposition of enhanced penalties for those previously convicted of DWI does not apply "if the second offense occurs more than 10 years after the first offense." In that situation, "the court shall treat the second conviction as a first offense for sentencing purposes." *N.J.S.A.* 39:4–50(a). However, the statute goes on to provide that, "if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes." *Ibid.* Thus, had Fielding consented to a breathalyzer test and been convicted for DWI, he would have been treated as a second offender because his second DWI conviction occurred in 1981.

The motivation to avoid an enhanced DWI penalty by refusing a breath test, which was found to be determinative in *Bergwall*, existed here because Fielding stood to benefit by a refusal. He would have been subject to a two-year suspension if convicted of the 1993 DWI charge, and should be so subject on the refusal violation. Judge Lora's dissenting opinion, adopted by the Supreme Court in *Bergwall*, confirms this interpretation. Construing the comparable portion of the earlier statute, in light of applicable legislative history, he said:

> [A] one-year [enhanced] suspension for refusing a breath chemical test was intended by the Legislature to be imposed in cases in which the refusal occurs within 15 years of an earlier unrelated conviction of driving while intoxicated. In the event there has been no earlier conviction of driving while intoxicated or the

earlier conviction of driving while intoxicated has occurred more than 15 [2] years prior to the refusal, a six-month suspension would be imposed. The recommended six-month suspension for refusing to submit to a breath test was reduced to 90 days in the final version of the bill.

*Bergwall, supra,* 173 *N.J.Super.* at 439, 414 *A.*2d 584.

This dissent became the Supreme Court's holding. *Bergwall, supra,* 85 *N.J.* at 383, 427 *A.*2d 65. We are bound, therefore, to comply. Fielding had two prior DWI convictions in 1981. Thus, while he received the benefit of one step-down, avoiding a ten-year suspension, he properly was sentenced as a second offender.

Affirmed.

---

2 Now ten years, under *N.J.S.A.* 39:4–50(a).