NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3923-13T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

THOMAS TAYLOR,

      Defendant-Appellant.

---

> **APPROVED FOR PUBLICATION**
>
> **May 11, 2015**
>
> **APPELLATE DIVISION**

Argued telephonically April 27, 2015 —
Decided May 11, 2015

Before Judges Alvarez, Waugh, and Carroll.

On appeal from the Superior Court of New
Jersey, Law Division, Monmouth County,
Municipal Appeal No. 13-067.

John Menzel argued the cause for appellant.

Monica do Outeiro, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for appellant (Christopher J.
Gramiccioni, Acting Monmouth County
Prosecutor, attorney; Ms. do Outeiro, of
counsel and on the brief).

The opinion of the court was delivered by

CARROLL, J.A.D.

On October 29, 2013, defendant Thomas J. Taylor entered a
conditional guilty plea to refusal to submit to a breath test in
violation of N.J.S.A. 39:4-50.2, reserving the right "to appeal

[] any and all issues, including sentencing." Defendant was sentenced by the municipal judge as a "third offender," N.J.S.A. 39:4-50.4a, to a $1006 fine, $33 in court costs, a $100 surcharge, forty-eight hours of attendance at the Intoxicated Driver Resource Center (IDRC), a ten-year suspension of driving privileges, and installation of an interlock device for a period of two years.

There is no dispute that defendant had two prior convictions for driving while under the influence (DWI), N.J.S.A. 39:4-50, in 1985 and 1996, but no prior convictions for refusal. In his appeal to the Law Division, defendant argued, among other things, that his prior convictions for DWI did not qualify as prior offenses within the meaning of N.J.S.A. 39:4-50.4a. Defendant contended that State v. Ciancaglini, 204 N.J. 597 (2011), controlled and mandated that he be sentenced as a first offender for refusal.

The Court in Ciancaglini considered whether a defendant previously convicted of refusal under N.J.S.A. 39:4-50.4a, should be sentenced as a first or second offender on a subsequent DWI conviction under N.J.S.A. 39:4-50, which provides for enhanced penalties for repeat offenses. Id. at 600. The Court held that N.J.S.A. 39:4-50 precludes use of a prior refusal conviction to enhance the sentence on a subsequent DWI,

and thus Ciancaglini had to be sentenced as a first offender. Id. at 610-11. In its ruling, however, the Court left undisturbed the holding of In re Bergwall, 85 N.J. 382 (1981), rev'g on dissent, 173 N.J. Super. 431, 436-40 (App. Div. 1980) (Lora, P.J.A.D., dissenting), that a prior DWI conviction is deemed a prior violation for purposes of enhancing the sentence on a subsequent refusal conviction under N.J.S.A. 39:4-50.4a. Ciancaglini, supra, 204 N.J. at 610 n.10.

Specifically, the Court in Ciancaglini reiterated Judge Lora's analysis that the phrase "in connection with a subsequent offense of this section" in N.J.S.A. 39:4-50.4 included prior DWI offenses because "'a refusal cannot be "in connection with" another refusal. Rather, it can only be "in connection with" an arrest for drinking-driving and a request to take the breath test.'" Id. (quoting Bergwall, supra, 173 N.J. Super. at 437).

Here, the Law Division judge concluded, correctly, that defendant's reliance on Ciancaglini was misplaced. The judge determined that he remained bound by Bergwall, and affirmed defendant's sentence. We note that since this case was decided, our Supreme Court has reaffirmed the vitality of Bergwall that a prior DWI conviction will enhance the sentence on a subsequent refusal conviction. State v. Frye, 217 N.J. 566, 568-69 (2014).

On appeal, defendant advances two new arguments not previously raised in the Law Division:

> I.  THE COURTS BELOW IMPROPERLY SENTENCED DEFENDANT AS A THIRD OFFENDER OF BREATH TEST REFUSAL BECAUSE HE HAD TWO PRIOR DWI CONVICTIONS FOR OFFENSES OCCURRING MORE THAN TEN YEARS AGO, THEREBY ENTITLING HIM TO BE TREATED AS A SECOND OFFENDER.
>
> II.  THE UNEXPLAINED DELAY OF MORE THAN ONE YEAR BETWEEN ISSUANCE OF THE COMPLAINT AND CONVICTION WARRANTS DISMISSAL AS A VIOLATION OF DEFENDANT'S RIGHT TO A SPEEDY TRIAL.

We address each of these arguments in turn.

The penal consequences that flow from a DWI conviction escalate with each subsequent DWI conviction. N.J.S.A. 39:4-50. "Thus, the number of prior violations is significant in sentencing [a] defendant." Ciancaglini, supra, 204 N.J. at 607. As the Court further noted:

> The refusal statute, N.J.S.A. 39:4-50.4a, is similarly structured with penalties based on whether the conviction is the driver's first, second, or third or subsequent offense. The statute provides that "the municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of [the DWI statute], shall refuse to submit to a [breath test] when requested to do so." N.J.S.A. 39:4-50.4a(a). The length of the license suspension under a first, second, or third or subsequent offense mirrors the length of the suspension for a first (with a [blood alcohol] concentration of 0.10% or more), second, or third or subsequent violation of the DWI statute. The first offense will result in a

suspension of seven months to one year; if "the refusal was in connection with a second offense under this section," it will result in a suspension of two years; and if "the refusal was in connection with a third or subsequent offense under this section," it will result in a suspension of ten years. Ibid.

. . . . A first offender is subject to a $300 to $500 fine; a second offender is subject to a $500 to $1,000 fine; a third offender is subject to a $1,000 fine. Ibid. Therefore, the penalties for each refusal offense now essentially mirror the penalties for each offense of DWI, but no custodial sentence is authorized as the result of a refusal conviction.

[Ciancaglini, supra, 204 N.J. at 607-08 (first and second alterations in original) (footnote omitted).]

However, unlike the refusal statute, the DWI statute contains a so-called "step-down" provision, which provides that

if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.

[N.J.S.A. 39:4-50(a)(3).]

Defendant now argues that we should engraft a similar "step-down" provision into the refusal statute, and treat his refusal conviction as a second rather than a third conviction

for sentencing purposes since it followed more than ten years after his second DWI conviction.

Defendant's argument finds support in our prior holding in State v. Fielding, 290 N.J. Super. 191 (App. Div. 1996). In Fielding, the defendant had two prior DWI convictions in 1981. Id. at 193. The defendant was then convicted of refusal in 1994. Id. at 192. The sole issue on appeal was whether Fielding was properly sentenced as a second offender, requiring a two-year license revocation, or whether he should have been sentenced as a first offender under the refusal statute, N.J.S.A. 39:4-50.4a, in which event "his license would have been revoked for only six months." Id. at 193. In upholding the two-year suspension for refusal, we concluded:

> Fielding had two prior DWI convictions in 1981. Thus, while he received the benefit of one step-down, avoiding a ten-year suspension, he properly was sentenced as a second offender.
>
> [Id. at 195.]

Thus, at least by implication, defendant's penalty for his refusal conviction, which was enhanced due to his two prior DWI convictions, was likewise reduced by the step-down provision applicable to enhanced DWI penalties.

We view the issue as one of fundamental fairness. As noted, N.J.S.A. 39:4-50.4a has been consistently interpreted as

requiring that a prior DWI conviction be deemed a prior violation for purposes of the enhanced refusal penalty. Frye, supra, 217 N.J. at 569; Bergwall, supra, 85 N.J. at 383; Fielding, supra, 290 N.J. Super. at 193. If the penalty attendant to a driver's refusal conviction is enhanced by a prior conviction under the DWI statute, fairness dictates that it be similarly reduced by the sentencing leniency accorded a driver under the "step-down" provision of that statute where there is a hiatus of ten years or more between offenses.

In the present case, had defendant consented to a breathalyzer test and been convicted of DWI, he would have been treated as a second rather than a third offender because his second DWI conviction occurred more than ten years ago in 1996. Consequently, his driving privileges would have been revoked for two, rather than ten, years. We see no reason why a comparable result should not be reached here, and a "step-down" applied to the same DWI convictions that serve as the basis to enhance defendant's refusal sentence.

As noted, defendant did not previously raise the argument that he is entitled to a "step-down" sentence for the instant refusal conviction. Nonetheless, the Law Division judge appears to have determined that defendant was ineligible for a second "step-down" because he was previously granted "step-down" status

7

due to the ten-year lapse of time between his first and second DWI convictions. The judge reasoned:

> [D]efendant was not entitled to a step-down provision in this particular case and whether to consider this [] a third offense because he had previously been afforded a step-down — and case law indicates that you're entitled to one step-down and one only — and on a third or more offense, the prior two offense[s] are counted as separate offenses so he was not entitled to a step down. That argument, I note, has not been made and that's probably the reason. The law says it cannot be.

After the Law Division judge issued his decision, and while this appeal was pending, our Supreme Court clarified "that a repeat DWI offender may invoke the statutory 'step-down' provision [N.J.S.A. 39:4-50(a)(3)] a second time, provided that more than ten years have passed with no infraction since the defendant's most recent DWI offense." State v. Revie, 220 N.J. 126, 129 (2014). Therefore, as the State concedes, defendant's prior use of a "step-down" would not bar a second application of the step-down provision. As applied to the present case, we conclude that defendant should have been sentenced as a second offender due to the ten-year lapse between his second DWI offense and the instant refusal offense.

Next, we have considered defendant's speedy trial argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in

a written opinion.  R. 2:11-3(e)(2).  Directive #1-84, on which defendant relies, established a sixty-day dispositional goal for DWI cases, not a bright-line try-or-dismiss rule.  State v. Cahill, 213 N.J. 253, 270 (2013).  After balancing the four factors in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), which govern the evaluation of speedy trial violations in DWI cases, Cahill, supra, 213 N.J. at 271, we conclude that the limited record provided fails to establish that defendant ever asserted his right to a speedy trial, that the State caused any undue pre-trial delay, or that defendant sustained any prejudice.

Affirmed in part and reversed and remanded for sentencing as a second offender.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                    A-3923-13T2