SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State of New Jersey v. James J. Revie (A-31-13) (072600)**

**Argued September 24, 2014 -- Decided December 17, 2014**

**PATTERSON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether the "step-down" provision of N.J.S.A. 39:4-50(a)(3) can be applied to the benefit of a defendant for the second time, when an interval of more than ten years separates his previous driving while intoxicated (DWI) conviction from the conviction at issue.

Defendant was first convicted of DWI in 1981. He was charged with DWI again in 1982 and, unrepresented by counsel, pled guilty to that charge. Defendant's third DWI conviction occurred in 1994. Because that conviction was more than ten years after defendant's second DWI offense, he was sentenced as a second DWI offender, rather than a third DWI offender, pursuant to N.J.S.A. 39:4-50(a)(3)'s "step-down" provision. In 2011, defendant was granted post-conviction relief (PCR) with respect to his 1982 DWI conviction. The PCR court held that, pursuant to State v. Laurick, 120 N.J. 1, 16 (1990), defendant's uncounseled 1982 DWI conviction could not be used to enhance a term of incarceration imposed for a subsequent DWI offense.

Defendant was convicted of his fourth DWI offense in 2011. Although there was a sixteen-year gap between defendant's third and fourth DWI offenses, the municipal court construed N.J.S.A. 39:4-50(a)(3) to afford a defendant only a single "step-down." The municipal court therefore sentenced defendant as a "third or subsequent" DWI offender. The Law Division affirmed defendant's conviction and sentence. Citing State v. Burroughs, 349 N.J. Super. 225 (App. Div.), certif. denied, 174 N.J. 43 (2002), the Law Division held that defendant was not entitled to a second "step-down" under N.J.S.A. 39:4-50(a)(3). The Appellate Division affirmed defendant's conviction and sentence, relying primarily on its decision in Burroughs. This Court granted defendant's petition for certification, which challenged only his sentence and raised no issues regarding his conviction. 216 N.J. 14 (2013).

**HELD**: The N.J.S.A. 39:4-50(a)(3) "step-down" provision can benefit a DWI offender more than once, provided that the defendant's most recent and current DWI offenses are separated by more than ten years. In this case, defendant should be sentenced as a second DWI offender with respect to any term of incarceration imposed, and as a third DWI offender with respect to the applicable administrative penalties.

1. Appellate courts review a trial court's construction of a statute de novo. In construing a statute, the Court's role is to determine and effectuate the Legislature's intent. Generally, the best indicator of that intent is the plain language chosen by the Legislature. The penalties imposed under New Jersey's DWI statute, N.J.S.A. 39:4-50(a), increase with successive violations. For a second offense, the driver is subject to, among other things, no "more than 90 days" imprisonment and loss of driving privileges for two years. N.J.S.A. 39:4-50(a)(2). A third or subsequent DWI offense subjects the defendant to, among other things, incarceration "for a term of not less than 180 days" and a ten-year loss of driving privileges. N.J.S.A. 39:4-50(a)(3). (pp. 8-9)

2. The "step-down" provision, first added to New Jersey's DWI statutory scheme in 1977, was amended to its current form in 1981. It provides in pertinent part: "if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes." N.J.S.A. 39:4-50(a)(3). The Senate Judiciary Committee explained that the amended statute provided that "any second offense occurring more than 10 years after the first offense be treated for sentencing purposes as a first offense and that any third offense occurring more than 10 years after the second conviction be treated for sentencing purposes as a second offense." S. Judiciary Comm. Statement to S. No. 1267, 199th Leg., 1st Sess. (June 9, 1980). (pp. 9-12)

3.  The "step-down" language of N.J.S.A. 39:4-50(a)(3) has rarely been discussed in appellate decisions.  In Burroughs, the defendant was convicted of DWI in 1982, was convicted of a second DWI in 1998, for which he was sentenced as a first offender under the "step-down" provision, and was convicted of a third DWI in 2000.  349 N.J. Super. at 226-28.  Despite the brief interval between the defendant's second and third DWI convictions, the municipal court sentenced him as a second offender, reasoning that his first DWI offense "had been 'forgiven' because of the eighteen-year hiatus between the first and second offenses."  Ibid.  The Appellate Division held that defendant should be sentenced as a third DWI offender, explaining that "once having been granted . . . leniency [by way of the 'step-down' provision], the defendant has no vested right to continued 'step-down' status where he commits a subsequent drunk driving offense.  The earlier offense is not 'forgiven.'"  Id. at 227.  Thus, Burroughs addressed the second application of a "step-down" to a defendant whose history included only one interval of more than ten years without an infraction.  Id. at 226-27.  Given the passage of only two years between his second and third convictions, the Burroughs defendant was clearly ineligible for a second "step-down" when he was convicted of a third DWI.  Ibid.  In State v. Ciancaglini, 204 N.J. 597, 612 (2011), recognizing that the question of multiple applications of the N.J.S.A. 39:4-50(a)(3) "step-down" provision is not squarely raised unless the defendant has two intervals of more than ten years between DWI convictions, and because the defendant's record had only one such interval, the Court stated that it "need not decide in this case whether a person can twice take advantage of a 'step-down.'"  Ibid.  Thus, this Court has not previously addressed the issue presented by this case.  (pp. 12-14)

4.  The plain language of N.J.S.A. 39:4-50(a)(3) does not suggest that a defendant who meets the statute's requirements twice may invoke the "step-down" only once.  Instead, N.J.S.A. 39:4-50(a)(3) treats a defendant whose second offense occurs more than ten years after the first offense as a first DWI offender for sentencing purposes.  Using the conjunctive term "and" followed by parallel language, the statute then deems a defendant whose third offense occurs more than ten years after the second offense to be a second DWI offender for sentencing purposes.  N.J.S.A. 39:4-50(a)(3).  Therefore, the Court holds that that the "step-down" provision can benefit a DWI offender more than once, if in each instance the defendant's most recent and current DWI offenses are separated by more than ten years without an infraction.  The legislative history supports the Court's construction.  The Senate Judiciary Committee Statement indicated the Legislature's determination that "any" second offense and "any" third offense that followed the previous offense by more than ten years is subject to a "step-down."  S. Judiciary Comm. Statement to S. No. 1267.  (pp. 15-16)

5.  In Laurick, the Court held that the uncounseled DWI conviction of a defendant not properly advised of his right to counsel prior to pleading guilty could not be used to increase the period of incarceration imposed for a subsequent DWI offense.  120 N.J. at 4.  State v. Hrycak, 184 N.J. 351, 362-63 (2005) confirmed, however, that an uncounseled DWI conviction may be used to enhance the administrative penalties that are part of a DWI sentence, such as the loss of driving privileges, fines, and the installation of an interlock device.  N.J.S.A. 39:4-50(a); N.J.S.A. 39:4-50.17(b).  Under the principles of Laurick and Hrycak, defendant's uncounseled 1982 DWI conviction may not be used to enhance his term of incarceration for a subsequent DWI offense, but does constitute a prior conviction for purposes of determining his administrative penalties.  Thus, regarding defendant's 2011 DWI conviction, he is deemed to be a third offender entitled to a "step-down" under N.J.S.A. 39:4-50(a)(3) for purposes of incarceration.  He should therefore be sentenced to the term of incarceration prescribed for a second offense.  For purposes of imposing administrative penalties, however, defendant should be sentenced as a third or subsequent offender.  (pp. 16-20)

The judgment of the Appellate Division is **REVERSED**, and the case is **REMANDED** to the Law Division for resentencing in accordance with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE PATTERSON's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

JAMES J. REVIE,

    Defendant-Appellant.

Argued September 24, 2014 – Decided December 17, 2014

On certification to the Superior Court, Appellate Division.

Evan M. Levow argued the cause for appellant (Levow & Associates, attorneys).

Paula C. Jordao, Assistant Prosecutor, Special Deputy Attorney General, argued the cause for respondent (Fredric M. Knapp, Morris County Prosecutor, attorney).

Jeffrey Evan Gold argued the cause for amicus curiae New Jersey State Bar Association (Paris P. Eliades, President, attorney; Ralph J. Lamparello, of counsel).

JUSTICE PATTERSON delivered the opinion of the Court.

As part of the Legislature's statutory scheme to combat driving while intoxicated (DWI), N.J.S.A. 39:4-50 prescribes the penalties that may be imposed on a defendant for a first, second, and third or subsequent DWI offense. The statute includes a "step-down" provision, under which a second DWI offender is treated as a first DWI offender for sentencing

purposes if more than ten years elapsed between his or her first and second offenses, and a third DWI offender is treated as a second DWI offender for sentencing purposes if more than ten years elapsed between his or her second and third DWI offenses. N.J.S.A. 39:4-50(a)(3). This appeal raises the issue of whether a repeat DWI offender may, on more than one occasion, invoke the N.J.S.A. 39:4-50(a)(3) "step-down" provision and thereby avoid the enhanced penalties prescribed by the statute.

Prior to the offense at issue in this case, defendant James Revie was convicted of three DWI offenses. One of those three convictions involved a guilty plea in which defendant was not represented by counsel. Pursuant to State v. Laurick, 120 N.J. 1, 16, cert. denied, 498 U.S. 967, 111 S. Ct. 429, 112 L. Ed. 2d 413 (1990), that conviction does not constitute a prior offense for purposes of increasing defendant's custodial sentence, but is counted as a prior offense for purposes of imposing administrative penalties on defendant.

Following his fourth offense in 2010, defendant invoked the "step-down" provision of N.J.S.A. 39:4-50(a)(3) for the second time and sought to be sentenced as a second DWI offender. The municipal court denied defendant's request, reasoning that because defendant had received the benefit of the N.J.S.A. 39:4-50(a)(3) "step-down" provision when he was sentenced for his third DWI offense in 1994, he was ineligible for a second "step-

2

down" in this matter. On de novo review, the Law Division reached the same conclusion. The Appellate Division affirmed defendant's conviction and sentence.

We reverse the Appellate Division's judgment. Based upon the plain language of N.J.S.A. 39:4-50(a)(3), we hold that a repeat DWI offender may invoke the statutory "step-down" provision a second time, provided that more than ten years have passed with no infraction since the defendant's most recent DWI offense. Applied to this case, N.J.S.A. 39:4-50(a)(3) requires that defendant be sentenced as a second DWI offender, rather than as a third DWI offender, with respect to any term of incarceration imposed, and as a third DWI offender with respect to the administrative penalties set forth in the statute.

I.

This appeal arises from defendant's fourth DWI conviction. His first DWI offense occurred in Hillsdale and resulted in a conviction in 1981. In 1982, defendant was again charged with DWI, this time in Bogota. Unrepresented by counsel, defendant pled guilty to the charge. Defendant's third conviction for DWI occurred in Montvale in 1994, more than ten years after his second DWI offense. Accordingly, he qualified for a "step-down" under N.J.S.A. 39:4-50(a)(3) and was, consequently, sentenced as a second DWI offender, rather than a third DWI offender.

3

In August 2011, defendant was granted post-conviction relief (PCR) with respect to his second DWI conviction in 1982. The PCR court held that as a consequence of Laurick, supra, 120 N.J. at 16, defendant's 1982 conviction could not be used to enhance a term of incarceration imposed for a subsequent DWI offense.

Defendant's fourth offense, which gave rise to this appeal, occurred on December 23, 2010. Defendant was arrested in Wharton by a police officer who observed his vehicle traveling at a high rate of speed and weaving across a double-yellow line. Defendant was charged with DWI, N.J.S.A. 39:4-50; failure to keep right, N.J.S.A. 39:4-82; failure to maintain lane, N.J.S.A. 39:4-88; reckless driving, N.J.S.A. 39:4-96; careless driving, N.J.S.A. 39:4-97; and speeding, N.J.S.A. 39:4-98. Following a trial conducted on September 23, 2011, the municipal court found defendant guilty of DWI, based on the observations of the arresting officer. The municipal court also convicted defendant of the remaining offenses, and merged the careless driving, speeding, failure to keep right, and failure to maintain lane offenses into the reckless driving offense.

At sentencing, the State argued that defendant should be sentenced as a fourth offender under the DWI statute. Defendant conceded that the current offense was his fourth. However, he asserted that by virtue of the grant of his PCR application, his

4

second offense should be disregarded in setting a term of incarceration for any subsequent DWI offense, and that he was in effect a third offender.  Defendant further contended that in light of the sixteen-year gap between defendant's third and fourth offenses, the "step-down" provision of N.J.S.A. 39:4-50(a)(3) governed, and that he should, therefore, be sentenced as a second offender.

The municipal court disagreed.  It construed N.J.S.A. 39:4-50(a)(3) to afford a defendant only a single "step-down."  The municipal court sentenced defendant to 180 days in the county correctional facility, a ten-year suspension of his driving privileges and registration, and a fine of $1000, N.J.S.A. 39:4-50(a)(3), as well as $33 in court costs, N.J.S.A. 22A:3-4, $6 in miscellaneous assessments, N.J.S.A. 39:5-41(d)-(h), a $50 Victims of Crimes Compensation Board assessment, N.J.S.A. 2C:43-3.1(a)(2)(a), a $75 Safe Neighborhoods Services Fund assessment, N.J.S.A. 2C:43-3.2(a)(1), a $100 DWI surcharge, N.J.S.A. 39:4-50(i), and a $100 Drunk Driving Enforcement Fund assessment, N.J.S.A. 39:4-50.8.  Defendant's incarceration was stayed pending appeal.

On de novo review, a Law Division judge affirmed defendant's conviction and sentence.  The Law Division judge agreed with defendant that, under Laurick, defendant's second DWI should not have been considered when he was sentenced in

5

this matter. However, citing State v. Burroughs, 349 N.J. Super. 225 (App. Div.), certif. denied, 174 N.J. 43 (2002), the Law Division concurred with the municipal court that defendant was not entitled to a second application of the N.J.S.A. 39:4-50(a)(3) "step-down" provision. It imposed a sentence consistent with the sentence determined by the municipal court. The Appellate Division affirmed defendant's conviction and sentence, relying primarily on its decision in Burroughs, supra, 349 N.J. Super. at 225-28.

We granted defendant's petition for certification, which challenged only his sentence and raised no issues regarding his conviction. 216 N.J. 14 (2013).

II.

Defendant urges the Court to apply the N.J.S.A. 39:4-50(a)(3) "step-down" provision, and argues that he should, therefore, be sentenced as if the DWI conviction at issue constituted his second offense. He contends that N.J.S.A. 39:4-50(a)(3) authorizes a defendant whose DWI conviction follows his previous DWI conviction by more than ten years to obtain the benefit of more than one application of the statute's "step-down" provision. Defendant contends that the statutory language is clear, but argues that if the Court finds an ambiguity in the text, it should resolve that ambiguity in his favor.

6

The State urges the Court to affirm the Appellate Division determination.  It argues that the Legislature did not intend N.J.S.A. 39:4-50(a)(3) to grant a pardon in perpetuity to DWI offenders.  The State relies on the Appellate Division decision in Burroughs, noting that the Legislature did not amend the "step-down" language in N.J.S.A. 39:4-50(a)(3) following Burroughs, and arguing that this failure to amend the statute indicates the Legislature's agreement with the Appellate Division decision in that case.

Amicus curiae New Jersey State Bar Association (NJSBA) asserts that Burroughs does not govern defendant's sentence because the DWI offender in Burroughs committed his third offense only two years after his second offense.  It notes that, in Burroughs, the Appellate Division did not address the availability of a second "step-down" to a defendant who twice meets the requirements of N.J.S.A. 39:4-50(a)(3).  NJSBA contends that because defendant's second DWI conviction cannot be counted as a prior DWI conviction solely for penal sentencing purposes pursuant to Laurick, and because defendant is entitled to the N.J.S.A. 39:4-50(a)(3) "step-down," he should be sentenced to a term of imprisonment as a second offender.

III.

A.

7

Appellate courts review a trial court's construction of a statute de novo. State v. J.D., 211 N.J. 344, 354 (2012); State v. Gandhi, 201 N.J. 161, 176 (2010). In construing a statute, our role "'is to determine and effectuate the Legislature's intent.'" State v. Friedman, 209 N.J. 102, 117 (2012) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009)). Generally, "'the best indicator of that intent is the plain language chosen by the Legislature.'" State v. Frye, 217 N.J. 566, 575 (2014) (quoting Gandhi, supra, 201 N.J. at 176). Statutory text "should be given its ordinary meaning and be construed in a common-sense manner." State in Interest of K.O., 217 N.J. 83, 91 (2014) (citing N.J. Dep't of Envtl. Prot. v. Huber, 213 N.J. 338, 365 (2013); N.E.R.I. Corp. v. N.J. Highway Auth., 147 N.J. 223, 236 (1996)). "Our role is not to 'rewrite a plainly-written enactment of the Legislature []or [to] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 91-92 (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

New Jersey's DWI statute prohibits the operation of a motor vehicle "while under the influence of intoxicating liquor," or "with a blood alcohol concentration [(BAC)] of 0.08% or more by weight of alcohol in the defendant's blood." N.J.S.A. 39:4-50(a). The penalties imposed under the statute increase with successive violations. For a second offense, the driver is

8

subject to enhanced penalties, including a fine of between $500 and $1000, "imprisonment for a term of not less than 48 consecutive hours . . . nor more than 90 days," thirty days of community service, a loss of his or her driver's license for two years, and the mandatory installation of an ignition interlock device. N.J.S.A. 39:4-50(a)(2); N.J.S.A. 39:4-50.17(b). A third or subsequent DWI offense subjects the defendant to a fine of $1000, incarceration "for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a qualifying drug or alcohol inpatient rehabilitation program," a ten-year loss of driving privileges, and the installation of an ignition interlock device. N.J.S.A. 39:4-50(a)(3); N.J.S.A. 39:4-50.17(b). Thus, a defendant's record of prior DWI offenses has a pivotal impact on his or her exposure to a term of incarceration, the loss of his or her driver's license, and other penalties.

The N.J.S.A. 39:4-50(a)(3) "step-down" provision was not part of New Jersey's original DWI statutory scheme. In its original form, N.J.S.A. 39:4-50 provided for only two grades of punishment for drunk driving, one for first offenders and the other for all subsequent offenders. See L. 1952, c. 286, § 1 (codified, as amended, N.J.S.A. 39:4-50).

9

In 1977, the statute was amended to add a third grade of punishment for third or subsequent DWI offenses.  L. 1977, c. 29, § 1 (codified, as amended, N.J.S.A. 39:4-50(a)).  At that time, the Legislature added the first version of the N.J.S.A. 39:4-50 "step-down" provision, which read: "if the second offense occurs 15 or more years after the first conviction the court shall treat the conviction as a first offense, and if a third or subsequent offense occurs 10 or more years after the first conviction, the court shall treat the conviction as a second offense."  Ibid.  Thus, under the first version of the "step-down" provision, the crucial issue was the interval between defendant's first offense and his current offense.  See ibid.

Several years later, the Senate Judiciary Committee recognized the "undesirable and probably unintentional results" of that statutory language.  S. Judiciary Comm. Statement to S. No. 1267, 199th Leg., 1st Sess. (June 9, 1980).  It observed that, under the statute then in effect, a defendant convicted of a second DWI offense fourteen years after his first drunk driving conviction and a defendant convicted of a third DWI offense eleven years after his first conviction could "both be sentenced as second offenders."  Ibid.  The Senate Judiciary Committee further noted that pursuant to the original "step-down" language, the enhanced penalties for third and subsequent

10

offenders would, in effect, be reserved for defendants convicted of DWI three or more times within a period of ten years -- a result contrary to the Legislature's intent.  Ibid.

Accordingly, the Legislature amended the statutory language in 1981 to its current form:

> A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
>
> [N.J.S.A. 39:4-50(a)(3); see also L. 1981, c. 47, § 1 (codified as N.J.S.A. 39:4-50(a)), amended by L. 1983, c. 444, § 1 (re-codifying as N.J.S.A. 39:4-50(a)(3)).]

As the Senate Judiciary Committee noted, the amended statute provided that "any second offense occurring more than 10 years after the first offense be treated for sentencing purposes as a first offense and that any third offense occurring more than 10 years after the second conviction be treated for

11

sentencing purposes as a second offense." S. Judiciary Comm. Statement to S. No. 1267, supra.[1]

The "step-down" language of N.J.S.A. 39:4-50(a)(3) has rarely been discussed in appellate decisions. In Burroughs, supra, 349 N.J. Super. at 226-28, the Appellate Division considered the sentence to be imposed on a repeat offender first convicted of DWI in 1982. When the defendant in Burroughs was convicted of his second offense in 1998, the sentencing court applied the "step-down" provision of N.J.S.A. 39:4-50(a)(3) because of the sixteen-year interval between the defendant's first and second convictions; as a result, he was sentenced as a first offender for his second offense. Id. at 226. The defendant committed a third offense only two years later. Ibid. Despite that brief interval between the defendant's second and third DWI convictions, the municipal court sentenced the defendant as a second offender, reasoning that his first offense "had been 'forgiven' because of the eighteen-year hiatus between the first and second offenses." Ibid.

Interpreting the statutory language, the Appellate Division affirmed the Law Division's reversal of the municipal court's sentence, explaining that

---

[1] N.J.S.A. 39:4-50 has been amended several times following the 1981 revision to the "step-down" provision, but none of the amendments have materially affected that provision.

12

once having been granted . . . leniency [by way of the "step-down" provision], the defendant has no vested right to continued "step-down" status where he commits a subsequent drunk driving offense. The earlier offense is not "forgiven." Having been granted leniency by virtue of the infraction-free lapse of time between the two earlier violations, the offender has received his reward for good conduct and is entitled to no further consideration.

[Id. at 227.]

Thus, in Burroughs, the Appellate Division panel addressed a distinct set of circumstances:  the second application of a "step-down" to a defendant whose history included only one interval of more than ten years without an infraction, not two such intervals as in the present case.  Id. at 226-27.  Given the passage of only two years between his second and third convictions, the defendant in Burroughs was clearly ineligible for a second "step-down" when he was convicted of DWI for the third time in 2000.  Ibid.  Accordingly, the panel affirmed that the defendant be sentenced as a third DWI offender.  Ibid.

In State v. Ciancaglini, 204 N.J. 597 (2011), this Court briefly addressed the Appellate Division's application of the N.J.S.A. 39:4-50(a)(3) "step-down" in Burroughs.  The Court held that the defendant's prior conviction for refusing to take a Breathalyzer test, in violation of N.J.S.A. 39:4-50.4a, did not serve as the functional equivalent of a prior DWI conviction for purposes of enhancing the punishment for her later DWI offense.

13

Id. at 612.  It distinguished Burroughs, on which the State relied, noting that "[b]ecause the Burroughs defendant had a second conviction within ten years of his third conviction, he was not entitled to any 'step-down,' regardless of how much time passed between his first and second convictions."  Ibid.  The Court added:

> That said, we need not decide in this case whether a person can twice take advantage of a "step-down."  Defendant's refusal conviction cannot be considered as a prior DWI violation for enhancement purposes, and thus she is not precluded from the benefit of the "step-down" under N.J.S.A. 39:4-50 for a prior DWI, because her first DWI conviction was more than ten  years prior to her second, the 2008 DWI conviction.
>
> [Ibid.]

The Court thus recognized in Ciancaglini that the question of multiple applications of the N.J.S.A. 39:4-50(a)(3) "step-down" is not squarely raised unless the defendant's record of DWI offenses includes two infraction-free intervals of more than ten years between convictions.  Ibid.  Like that of the DWI offender in Burroughs, the Ciancaglini defendant's record of infractions featured only one such interval.  Ibid.  Thus, this Court has not previously addressed the issue presented by this case:  whether the "step-down" provision should be applied to the benefit of a defendant for the second time, when an interval

14

of more than ten years separates his previous DWI conviction from the conviction at issue.

The plain language of N.J.S.A. 39:4-50(a)(3) reveals the Legislature's intent. There is no suggestion that a defendant who meets the statute's requirements twice may invoke the "step-down" only once. Instead, N.J.S.A. 39:4-50(a)(3) treats a defendant whose second offense occurs more than ten years after the first offense as a first DWI offender for sentencing purposes. Using the conjunctive term "and" followed by parallel language, the statute then deems a defendant whose third offense occurs more than ten years after the second offense to be a second DWI offender for sentencing purposes. N.J.S.A. 39:4-50(a)(3).[2] Guided by the plain language of N.J.S.A. 39:4-50(a)(3), we hold that that the "step-down" provision can benefit a DWI offender more than once, if in each instance the defendant's most recent and current DWI offenses are separated by more than ten years without an infraction.

---

[2] We are unpersuaded by the State's argument that the absence of a comma after the word "purposes" in the phrase, "the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense," denotes an intent to authorize only one "step-down," either on the second or third DWI conviction. See N.J.S.A. 39:4-50(a)(3). The Legislature's choice not to use a comma in that phrase does not alter the sentence's clear intent to permit two applications of the "step-down" to a defendant who twice meets its timing requirements.

15

The legislative history supports this construction of the statute. The Senate Judiciary Committee Statement indicated the Legislature's determination that "any" second offense and "any" third offense that followed the previous offense by more than ten years is subject to a "step-down." S. Judiciary Comm. Statement to S. No. 1267, supra. With this expansive, unqualified language, the Senate Judiciary Committee Statement confirms that the "step-down" provision governs the sentence imposed for any offense that meets its timing requirements.

In short, N.J.S.A. 39:4-50(a)(3) may apply for a second time to the benefit of a repeat offender whose current and previous DWI convictions are separated by periods of ten years or more without an infraction. Defendant is entitled to a second "step-down" in his sentence for the offense at issue here.

B.

By virtue of his DWI history, defendant's sentence is also affected by this Court's decision in Laurick, supra, 120 N.J. 1. In Laurick, the Court held that the DWI conviction of a defendant, who was not properly advised of his right to counsel prior to pleading guilty, could not be used to increase the period of incarceration imposed in a subsequent sentence for a DWI offense. 120 N.J. at 4. Accordingly, under Laurick, defendant's second DWI conviction in 1982 cannot be used to

16

enhance his punishment for any subsequent offense insofar as that punishment involves a "loss of liberty." Ibid.

The Court observed, however, that apart from an "increase [in] a defendant's loss of liberty, there is no constitutional impediment to the use of the prior uncounseled DWI conviction to establish repeat-offender status under DWI laws." Ibid. That principle was underscored in State v. Hrycak, 184 N.J. 351, 362-63 (2005), in which the Court confirmed that an uncounseled DWI conviction may be used to enhance the administrative penalties that are part of a defendant's sentence under N.J.S.A. 39:4-50(a). In Hrycak, the Court noted that "a third-time offender with one prior uncounseled DWI conviction is still subject to administrative penalties applicable to a third-time offender under N.J.S.A. 39:4-50(a)(3)." Id. at 365. Thus, as defendant agrees, under Laurick and Hrycak, a prior DWI conviction in an uncounseled guilty plea may not enhance a sentence to a term of incarceration, but is relevant in imposing the administrative penalties prescribed by the DWI statute.

The decision of the Appellate Division in State v. Conroy, 397 N.J. Super. 324, 326-29 (App. Div. 2007), certif. denied, 195 N.J. 420 (2008), illustrates the impact of Laurick and Hrycak in a case involving a "step-down" pursuant to N.J.S.A. 39:4-50(a)(3). In Conroy, the defendant was not represented by counsel when he pled guilty to his first DWI offense in 1982.

Id. at 326. He was convicted of DWI on three subsequent occasions: in 1990, 1995 and 2006. Ibid. The defendant argued that because Laurick barred his 1982 conviction from enhancing his sentence for his later DWI offenses, he was in effect a third offender -- not a fourth offender -- when he was sentenced for his 2006 conviction. Id. at 326-27.

The Appellate Division agreed. It observed that "when [defendant] appeared before the Law Division he stood as a third offender, not a fourth offender, for the limited purpose of the trial court imposing a jail sentence under the enhanced sentencing provision of the DWI statute." Id. at 330.[3] It held that if the defendant was not afforded the benefit of the "step-down" provision of N.J.S.A. 39:4-50(a)(3), his first conviction, derived from an uncounseled plea, would effectively trigger "an enhanced sentence, contrary to Hrycak and Laurick." Id. at 334. The defendant in Conroy was accordingly sentenced to a term of incarceration as a second offender under N.J.S.A. 39:4-50(a)(2), rather than as a third or subsequent offender pursuant to N.J.S.A. 39:4-50(a)(3). Ibid.

Applied to defendant's history of DWI offenses in this case, the "step-down" provision of N.J.S.A. 39:4-50(a)(3), in

---

[3] The Conroy panel distinguished Burroughs, in which none of the defendant's prior convictions involved an uncounseled guilty plea, and which, accordingly, did not implicate Laurick. Id. at 332.

18

conjunction with the principles of Laurick and Hrycak, compel a result similar to that reached in Conroy. Defendant's first DWI conviction in 1981, and his third DWI conviction in 1994, constitute prior DWI offenses in the determination of all aspects of defendant's sentence in this case. As a consequence of defendant's uncounseled guilty plea in 1982, that conviction may not be used for the purpose of enhancing defendant's term of incarceration when he is sentenced in the present case. See Laurick, supra, 120 N.J. at 16. However, defendant's 1982 DWI conviction constitutes a prior conviction for purposes of determining the administrative penalties as prescribed by N.J.S.A. 39:4-50(a) -- the revocation of defendant's driver's license,[4] the imposition of fines, and the installation of an interlock device pursuant to N.J.S.A. 39:4-50.17. Hrycak, supra, 184 N.J. at 362; Laurick, supra, 120 N.J. at 16. Thus, defendant's record includes two prior DWI convictions that are relevant to the sentencing court's imposition of a term of incarceration, and three prior DWI convictions that are relevant to the imposition of administrative penalties.

---

[4] The revocation of a DWI offender's driver's license constitutes an administrative penalty imposed by N.J.S.A. 39:4-50(a). See Hrycak, supra, 184 N.J. at 355, 364-65; State v. Hamm, 121 N.J. 109, 123 (1990), cert. denied, 499 U.S. 947, 111 S. Ct. 1413, 113 L. Ed. 2d 466 (1991).

19

Accordingly, with respect to a term of incarceration, defendant is deemed to be a third offender entitled to a "step-down" under N.J.S.A. 39:4-50(a)(3).  Thus, he should be sentenced to the term of incarceration prescribed for a second offense:  "imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days[.]"  N.J.S.A. 39:4-50(a)(2). In contrast, all three of defendant's prior convictions -- his 1981 conviction, 1982 conviction and 1994 conviction -- count as prior convictions for purposes of calculating his administrative penalties.  See Hrycak, supra, 184 N.J. 362-63; Laurick, supra, 120 N.J. at 16; see also Hamm, supra, 121 N.J. at 123.  Thus, for purposes of imposing administrative penalties as part of defendant's sentence, such as the loss of his driver's license, the imposition of a fine, and the installation of an interlock device on his vehicle under N.J.S.A. 39:4-50.17(b), defendant should be sentenced as a third or subsequent offender in accordance with N.J.S.A. 39:4-50(a)(3).

## IV.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division for resentencing in accordance with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in JUSTICE PATTERSON's opinion.

20

SUPREME COURT OF NEW JERSEY

NO.    A-31                          SEPTEMBER TERM 2013

ON CERTIFICATION TO      Appellate Division, Superior Court



STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                v.

JAMES J. REVIE,

        Defendant-Appellant.



DECIDED            December 17, 2014
                Chief Justice Rabner                    PRESIDING
OPINION BY             Justice Patterson
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1