NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0219-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RICARDO J. SALAZAR a/k/a
RICO,

 Defendant-Appellant.

 Argued November 30, 2016 – Decided May 11, 2017

 Before Judges Alvarez and Accurso.1

 On appeal from the Superior Court of New
 Jersey, Law Division, Gloucester County,
 Indictment No. 14-10-0963.

 Patrick J. Grimes argued the cause for
 appellant.

1 Hon. Carol E. Higbee was a member of the panel before whom this
case was argued. The opinion was not approved for filing prior
to Judge Higbee's death on January 3, 2017. Pursuant to R. 2:13-
2(b), "Appeals shall be decided by panels of 2 judges designated
by the presiding judge of the part except when the presiding judge
determines that an appeal should be determined by a panel of 3
judges." The presiding judge has determined that this appeal
remains one that shall be decided by two judges. Counsel has
agreed to the substitution and participation of another judge from
the part and to waive reargument.
 Joseph A. Glyn, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney; Mr.
 Glyn, of counsel and on the brief).

PER CURIAM

 Defendant Ricardo J. Salazar was convicted of driving while

intoxicated (DWI), N.J.S.A. 39:4-50, on July 20, 2009. Thereafter,

on March 19, 2013, he was convicted of refusing to submit to

chemical testing (refusal), N.J.S.A. 39:4-50.4a. On May 9, 2014,

defendant was stopped while driving a motor vehicle and still

serving his two-year court-imposed term of license suspension.

After his motion to dismiss the indictment was denied, he entered

a conditional guilty plea to fourth-degree driving while

suspended, N.J.S.A. 2C:40-26(b), and on July 31, 2015, was

sentenced to six months in county jail, in addition to other

mandatory fines and penalties.

 Defendant now appeals, contending, as he did before the Law

Division judge, that the driving while suspended criminal statute

requires an actor to be convicted of either two DWI offenses, or

two refusal offenses. He also contends that the Legislature did

not intend for a defendant convicted of one of each motor vehicle

offense to be subject to prosecution for the fourth-degree crime.

We affirm.

 2 A-0219-15T1
 In his oral decision, the Law Division judge gave the statute

a common sense reading, stating that he believed the use of the

word "or" was not intended to be preclusionary in effect, but

rather, to offer an alternative. He quoted the statute, N.J.S.A.

2C:40-26(b): "It shall be a crime of the fourth degree to operate

a motor vehicle during the period of license suspension in

violation of [N.J.S.A.] 39:3-40, if the actor's license was

suspended or revoked for a second or subsequent violation of

[N.J.S.A.] 39:4-50 or [N.J.S.A.] 39:4-50.4a." He found it was the

Legislature's intent to prohibit driving while suspended

regardless of whether the predicate offense was DWI, refusal, or

some combination. He also noted that pursuant to N.J.S.A. 39:4-

50, the consequences for a refusal were similar to a DWI.

 Now on appeal, defendant reiterates his argument for

dismissal.2 In support, defendant relies principally on State v.

Ciancaglini, 204 N.J. 597 (2011). He suggests that since the

Court in that case concluded that N.J.S.A. 39:4-50 precluded the

use of a prior refusal conviction to enhance sentencing on a DWI,

Ciancaglini, supra, 204 N.J. at 600, one conviction for each of

2Rule 2:6-2(a)(6) requires an appellant's legal argument to be in
a formal brief with "appropriate point headings[.]" No point
heading was included in the brief, which is five pages in length
and appears to be a hybrid between a letter brief and a formal
brief not authorized by the rules.

 3 A-0219-15T1
the two offenses cannot be used to find a defendant guilty of a

violation of N.J.S.A. 2C:40-26(b).

 "In [Ciancaglini], however, the Court left undisturbed the

holding of In re Bergwall, 85 N.J. 382 (1981), rev'g on dissent,

173 N.J. Super. 431, 436-40 (App. Div. 1980) (Lora, P.J.A.D.,

dissenting), that a prior DWI conviction is deemed a prior

violation for purposes of enhancing the sentence on a subsequent

refusal conviction[.]" State v. Taylor, 440 N.J. Super. 387, 389

(App. Div.), certif. denied, 223 N.J. 283 (2015). That

Ciancaglini, based on a question of statutory interpretation, did

not permit the refusal statute to be used to enhance a DWI

sentencing, while leaving intact the doctrine that a DWI conviction

does enhance a refusal sentence, is not dispositive on the question

at issue, also one of statutory interpretation.

 We review questions of statutory interpretation de novo.

State v. Revie, 220 N.J. 126, 132 (2014). In this case, however,

we agree with the trial court that the issue is one readily

resolved by the plain language used in the statute. See ibid.

Our role is not to rewrite a plainly worded statute. Ibid.

 The statute is couched in clear and plain language as to the

nature of the predicate offenses. A common sense reading

establishes that the word "or" is used as a coordinating

conjunction that presents an alternative. In order to be subject

 4 A-0219-15T1
to prosecution under this statute, a defendant must have been

convicted on two occasions or more of DWI, refusal, or one of

each. The Legislature did not intend for the nonsensical outcome

that a person who has been convicted on one occasion of DWI and

on another of refusal, both integral parts of the statutory effort

to control the great evil of drunken driving, would be spared

prosecution, while an individual who was twice convicted of

refusal, would not.

 The Legislature could easily have drafted the statute to read

that it applied only when a driver had been convicted of two or

more DWI violations, or two or more refusal violations, but it did

not. To interpret the statute as defendant suggests would be to

rewrite it and distort the Legislature's plain words and patent

intent. See DiProspero v. Penn, 183 N.J. 477, 492 (2005).

 There is no necessity for us to turn either to the legislative

history or principles of lenity as aids to interpretation. When

the plain language of a statute "leads to a clear and unambiguous

result, then the interpretive process should end, without resort

to extrinsic sources." State v. D.A., 191 N.J. 158, 164 (2007)

(citing DiProspero, supra, 183 N.J. at 492).

 Affirmed.

 5 A-0219-15T1