**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2028-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRIAN G. GARRETT,

    Defendant-Appellant.

_____

Submitted March 28, 2017 — Decided  July 13, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Municipal
Appeal No. 8-15.

Bruce K. Warren, attorney for appellant.

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent
(Elizabeth K. Tornese, Assistant Prosecutor,
of counsel and on the brief).

PER CURIAM

    Defendant appeals from the January 5, 2016 order of the Law

Division denying his petition for post-conviction relief (PCR).

Defendant filed this petition seeking relief from the use of a 1984 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, to enhance the penalty for a subsequent DWI conviction. For the reasons that follow, we affirm.

The procedural history of this case can best be understood in the context of our drunk driving laws, as amended over the years, which provide progressively-enhanced penalties for repeat offenders. Penalties for first-time offenders include a fine between $250 and $500, license suspension for a period between three months and one year, and, in the court's discretion, a term of imprisonment not to exceed thirty days, with twelve to forty-eight hours of detainment at an Intoxicated Driver Resource Center (IDRC). N.J.S.A. 39:4-50(a)(1). Second-time offenders are subject to a fine of between $500 and $1000, a mandatory two-year license revocation, and a term of imprisonment of not less than forty-eight consecutive hours nor more than ninety days in length. N.J.S.A. 39:4-50(a)(2). Penalties for third or subsequent violations include a mandatory $1000 fine, a mandatory ten-year license revocation and a mandatory custodial term of 180 days, 90 days of which may be served in an approved drug or alcohol in-patient rehabilitation program. N.J.S.A. 39:4-50(a)(3).

If more than ten years elapse between convictions, N.J.S.A. 39:4-50(a) provides a "step-down" provision under which the

earlier violation does not enhance the sentence of the subsequent conviction. State v. Revie, 220 N.J. 126, 128 (2014); State v. Lucci, 310 N.J. Super. 58, 61-62 (App. Div.), certif. denied, 156 N.J. 386 (1998). "Thus, a defendant's record of prior DWI offenses has a pivotal impact on his or her exposure to a term of incarceration, the loss of his or her driver's license, and other penalties." Revie, supra, 220 N.J. at 133.

Against this statutory backdrop, on May 8, 1984, defendant, seventeen years old at the time and without legal representation, pled guilty to DWI in the City of Vineland Municipal Court. He was later convicted of DWI for a second and third time in 1991 and 1997, respectively. After defendant was again charged with DWI in Vineland sometime in 2014 or 2015,[1] he made a PCR application in February 2015, to vacate the 1984 conviction, or in the alternative, have the municipal court not consider the 1984 conviction for sentence enhancement purposes. State v. Laurick, 120 N.J. 1, cert. denied, 489 U.S. 987, 111 S. Ct. 429, 112 L. Ed. 2d 413 (1990). Specifically, defendant argued that when he entered his 1984 plea, he was an unrepresented juvenile, and was not advised by the municipal court of his right to counsel nor that future convictions could result in jail time and increased

---

[1] The record is unclear.

financial penalties. Following a hearing in which defendant was the only witness, the municipal court judge denied defendant's application, finding there was no legal basis to vacate the 1984 DWI conviction but that it would not be used to enhance a sentence for the pending charge if he was found guilty. Defendant appealed the denial of his request to vacate the conviction to the Law Division.

Following oral argument and a trial de novo on the record on November 6, 2015, Judge Robert G. Malestein issued an order and written decision on January 5, 2016, denying defendant's PCR petition. He found that defendant's petition, filed thirty-one years after his 1984 DWI conviction, was untimely. Pursuant to Rule 7:10-2(b), a petition must be filed no "more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." The judge rejected defendant's contention that he thought the conviction would merely be a juvenile record without affecting him later. The judge reasoned, "at the time of his other two DWI convictions, defendant was no longer a juvenile, his 1984 DWI conviction most likely had an impact on the penal consequences of those DWI's, and therefore he could have filed a [Laurick application] following his second or third DWI conviction."

Judge Malestein further recognized that there were no grounds pursuant to Rule 3:22-12 (a)(1) and Rule 7:10-2(c) to relax the five-year time limitation because defendant did not establish that the 1984 conviction constituted a fundamental injustice or denial of rights afforded under the Constitution of the United States or of New Jersey. Citing Rodriquez v. Rosenblatt, 58 N.J. 218, 285 (1971), the judge explained that in the 1984 proceeding

> defendant had no constitutional right to counsel simply because he was a juvenile at the time, for this was not a delinquency proceeding in which he would have been afforded notice of the right to counsel, albeit he should have had the right to counsel (Rodriquez notice) due to his alleged indigent status at the time. However, as per Rodriquez, the right to the assignment of counsel in municipal court for indigent defendants charged with DWI's is not one of constitutional dimension, either under the state or federal Constitutions and does not alone rise to the level of a "fundamental injustice." In any event, the invalidity of defendant's uncounseled conviction had been properly resolved by [the municipal court judge] in declaring that the 1984 conviction would not increase any custodial penalties for subsequent DWI's.

Additionally, the judge noted that defendant's delay in seeking to vacate his thirty-one-year-old plea would prejudice the State because it would have to dismiss the charge due to the absence of witnesses, reports or transcripts. This appeal followed.

A-2028-15T2

"We begin our review with the well-settled proposition that appellate courts should give deference to the factual findings of the trial court." State v. Reece, 222 N.J. 154, 166 (2015) (citing State v. Locurto, 157 N.J. 463, 470-71 (1999)). When the Law Division conducts a trial de novo on the record developed in the municipal court, our appellate review is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). However, an appellate court does not afford any special deference to the legal determinations of the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016).

Before us, defendant reiterates the argument that as a matter of law his 1984 DWI conviction should be set aside because even though he did not request counsel, as a juvenile he should have been appointed assigned counsel by the municipal court. Having considered this contention and the applicable legal principles, we affirm substantially for the reasons stated in Judge Malestein's written decision. Defendant's appellate arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION