NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5494-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GREGORY S. FLETCHER,

 Defendant-Appellant.
_____________________________

 Submitted August 8, 2017 – Decided August 16, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Cape May County, Indictment No.
 13-10-0911.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Stephen P. Hunter, Assistant
 Deputy Public Defender, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Carol M. Henderson,
 Assistant Attorney General, of counsel and on
 the brief).

PER CURIAM

 Defendant appeals from a June 23, 2016 judgment of conviction.

We affirm.
 In November 1996, defendant was convicted of driving while

intoxicated (DWI), in violation of N.J.S.A. 39:4-50. On June 6,

2013, defendant was again convicted of DWI but was sentenced as a

first offender because it had been seventeen years since his first

conviction. Defendant's license was suspended for seven months.

On June 14, 2013, defendant was arrested for driving a motor

vehicle with a suspended license. Defendant was indicted on

October 1, 2013, in Cape May County for fourth-degree operating a

motor vehicle during a period of license suspension after a second

or subsequent DWI conviction. N.J.S.A. 2C:40-26(b).

 On October 14, 2014, defendant moved to dismiss the

indictment, which the motion judge denied. Defendant renewed his

motion on May 10, 2016, which was also denied, and defendant

entered a conditional guilty plea, reserving his right to appeal

the trial judge's denial of his motion to dismiss the indictment.

On June 23, 2016, the judge sentenced defendant to the mandatory

term of 180 days in jail without parole pursuant to N.J.S.A. 2C:40-

26(b). The judge imposed appropriate fines and penalties and

stayed the sentence pending appeal. This appeal followed.

 On appeal, defendant presents the following argument:

 DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
 SHOULD HAVE BEEN GRANTED BECAUSE DEFENDANT
 CANNOT BE FOUND GUILTY OF VIOLATING N.J.S.A.
 2C:40-26(b) FOR DRIVING WITH A SUSPENDED
 LICENSE WHERE THE UNDERLYING DWI OFFENSE WAS

 2 A-5494-15T3
 TREATED AS A FIRST OFFENSE PURSUANT TO
 N.J.S.A. 39:4-50(a)(3).

 Having considered this argument in light of the record and

applicable law, we affirm.

 On June 14, 2013, eight days after the imposition of the

suspension of his license, defendant drove his car and was stopped

by a police officer. Because defendant had two DWI convictions,

he was indicted under N.J.S.A. 2C:40-26(b) for "operat[ing] a

motor vehicle during the period of license suspension . . . for a

second or subsequent violation of" N.J.S.A. 39:4-50.

 Defendant argues because he was sentenced on his second DWI

conviction as if it were his first DWI offense under the step-down

provision of N.J.S.A. 39:4-50(a)(3), he had not committed "a second

or subsequent" DWI and, therefore, should not have been charged

under N.J.S.A. 2C:40-26(b). We disagree.

 "Construction of any statute begins with a consideration of

its plain language." Merin v. Meglaki, 126 N.J. 430, 434 (1992)

(citing Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 128

(1987); Renz v. Penn Cent. Corp., 87 N.J. 437, 435 (1981)). "When

interpreting statutes, our 'overriding goal is to give effect to

the Legislature's intent.'" State v. Twiggs, 445 N.J. Super. 23,

28-29 (App. Div. 2016) (citing State v. D.A., 191 N.J. 158, 164

(2007)). The plain, statutory language is the best indicator of

 3 A-5494-15T3
the legislative intent. State v. Perry, 439 N.J. Super. 514, 523

(App. Div.) (citing State v. Gandhi, 201 N.J. 161, 176 (2010)),

certif. denied, 222 N.J. 306 (2015). "We thus read the text of a

statute in accordance with its ordinary meaning unless otherwise

specified." Twiggs, supra, 45 N.J. Super. at 28-29. In cases

where a plain reading of the statute "leads to a clear and

unambiguous result, then the interpretive process should end,

without resort to extrinsic sources." Ibid. (citing D.A., supra,

191 N.J. at 164).

 Here, we consider two statutes, neither of which is ambiguous.

N.J.S.A. 39:4-50(a) provides:

 A person who has been convicted of a previous
 violation of this section need not be charged
 as a second or subsequent offender in the
 complaint made against him [or her] in order
 to render him [or her] liable to the
 punishment imposed by this section on a second
 or subsequent offender, but if the second
 offense occurs more than 10 years after the
 first offense, the court shall treat the
 second conviction as a first offense for
 sentencing purposes and if a third offense
 occurs more than 10 years after the second
 offense, the court shall treat the third
 conviction as a second offense for sentencing
 purposes.

 N.J.S.A. 2C:40-26(b) and (c) state the following:

 It shall be a crime of the fourth[-]degree to
 operate a motor vehicle during the period of
 license suspension in violation of [N.J.S.A.
 39:3-40], if the actor’s license was suspended
 or revoked for a second or subsequent

 4 A-5494-15T3
 violation of [N.J.S.A. 39:4-50.4(a)]. A
 person convicted of an offense under this
 subsection shall be sentenced by the court to
 a term of imprisonment.

 Notwithstanding the term of imprisonment
 provided under [N.J.S.A. 2C:43-6] and the
 provisions of subsection e. of [N.J.S.A.
 2C:44-1], if a person is convicted of a crime
 under this section the sentence imposed shall
 include a fixed minimum sentence of not less
 than 180 days during which the defendant shall
 not be eligible for parole.

 N.J.S.A. 39:4-50(a) provides the leniency in sentencing

afforded a second-time DWI offender under the step-down provision

is "for sentencing purposes" only, and the second offense is

considered just that, a "second offense." Moreover, as used in

N.J.S.A. 39:4-50(a)(3), the phrase "for sentencing purposes" means

sentencing for violations of that provision of the DWI statute

only. See State v. Revie, 220 N.J. 126, 139 (2014) (citing State

v. Conroy, 397 N.J. Super. 324, 330 (App Div.), certif. denied,

195 N.J. 420 (2008)) (observing the step-down provision of N.J.S.A.

39:4-50(a)(3) applies to the imposition of a custodial sentence

under the DWI statute).

 N.J.S.A. 2C:40-26(b) punishes the crime of driving on a

suspended license and prescribes a mandatory 180-day jail term for

second-time DWI offenders. A second DWI offense is a prerequisite

to the mandatory 180-day incarceration period, but "[d]efendant

is not being punished under N.J.S.A. 2C:40-26(b) for his prior DWI

 5 A-5494-15T3
. . . offenses; he is being punished for driving without a

license." State v. Carrigan, 428 N.J. Super. 609, 624 (App. Div.

2012), certif. denied, 213 N.J. 539 (2013).

 The judge sentenced defendant in June 2013 as a first-time

offender, but his 2013 DWI conviction constituted his second DWI

conviction. During the period of license suspension following

defendant's second DWI, he drove, in violation of N.J.S.A. 2C:40-

26(b), and the trial judge correctly denied defendant's motion to

dismiss the indictment.

 Affirmed. The stay of sentence previously granted by the

trial court shall dissolve within twenty days of this opinion.

The trial court shall expeditiously arrange for defendant to begin

his custodial term.

 6 A-5494-15T3