**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2115-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEJE M. COVIELLO,

    Defendant-Appellant.

_____

Argued December 16, 2021 – Decided December 28, 2021

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 13-10-2765.

John Menzel argued the cause for appellant.

Shiraz Deen, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, on the briefs).

PER CURIAM

Defendant Deje M. Coviello appeals from a December 17, 2019 order denying her motion for credit toward the portion of her sentence requiring installation of an ignition interlock device (IID). We affirm.

In 2014, defendant pled guilty to her second driving while intoxicated (DWI) offense, N.J.S.A. 39:4-50. Among the mandatory fines and penalties associated with the offense, defendant's sentence required the imposition of a two-year license suspension followed by the installation of an IID. N.J.S.A. 39:4-50(a)(2). At the plea hearing, defendant acknowledged through counsel that the IID "requirement is not something in lieu of revocation but is actually viewed by the Motor Vehicle Commission [MVC] as the bridge between full revocation and full restoration." Counsel stated defendant understood "[t]hat if she [did] not comply with the interlock requirement, that two-year revocation becomes . . . an indefinite revocation until she can demonstrate to [the MVC] the availability of a vehicle equipped with an [IID]." The judge questioned defendant regarding her plea and the mandatory IID, and defendant confirmed she understood the requirement. At sentencing, the judge imposed a two-year IID period pursuant to N.J.S.A. 39:4-50.17(b).

In 2019, defendant moved for credit against the IID requirement, arguing she completed that portion of the sentence because she did not own or operate a

vehicle since surrendering her driver's license in 2014. She argued she could not install the IID because she had no vehicle. She urged the court to apply the rule of lenity because the mandatory installation of the IID in a non-existent vehicle required by N.J.S.A. 39:4-50.17(b) rendered the statute ambiguous and led to an incongruous result.

The judge noted that while defendant had fulfilled the two-year license suspension portion of her sentence, "[t]he [MVC] decides if and when a defendant's privilege to drive is restored, as the [MVC] has the information regarding the [Intoxicated Driver Resource Center] requirements, surcharges, and court install[ation] orders." He found N.J.S.A. 39:4-50(a)(2) requires "defendant [to] make an application to the Chief Administrator of the [MVC] for a license to operate a motor vehicle."

The judge also concluded the mandatory IID installation could not be avoided by "[w]ait[ing] out" the two-year time period. He stated

> one cannot choose to serve a longer driving license revocation as a substitute sentence for the interlock's installation. The time with the interlock is designed for imposition after the driver is restored. The purpose of the statute is not simply to avoid driving. That goal is accomplished via the suspension requirement of the sentence. The purpose of the mandatory [IID] is to ensure the defendant remains sober while operating a motor vehicle. The [L]egislature has made it clear that its[] intent is to ensure safeguards exist to protect the

public against drunk driving by making it mandatory to install the [IID]. The installation of the device is an obligation imposed by the court. To waive the defendant's mandatory sentence would [m]ake no sense.[]

Defendant appealed. The matter was initially considered on our sentencing oral argument calendar, then transferred to our plenary calendar.

Defendant raises the following points on appeal:

I. THE [IID] REQUIREMENT IS A PENALTY IMPOSED BY THE COURT, NOT AN ADMINISTRATIVE REQUIREMENT OF THE [MVC]; THEREFORE, THE QUESTION OF DEFENDANT'S ENTITLEMENT TO CREDIT IS PROPERLY BEFORE THIS COURT.

II. BECAUSE REQUIRING DEFENDANT TO INSTALL A[N] [IID] IN A NON-EXISTENT VEHICLE MAKES NO SENSE, THIS COURT SHOULD CONSTRUE THE STATUTE AS PERMITTING CREDIT AGAINST THE ADDITIONAL [IID] PENALTY COMPONENT OF HER SENTENCE.

III. REQUIRING DEFENDANT TO BUY OR LEASE A VEHICLE IN WHICH TO INSTALL A[N] [IID] AS A CONDITION OF DRIVING PRIVILEGE REINSTATEMENT VIOLATES PRINCIPLES OF EQUAL PROTECTION AND DUE PROCESS.

I.

Defendant's arguments concern statutory interpretation, a question of law. We therefore review a de novo. State v. S.B., 230 N.J. 62, 67 (2017).

4

When interpreting a statute, "our primary goal is to discern the meaning and intent of the Legislature." State v. Gandhi, 201 N.J. 161, 176 (2010) (citing State v. Smith, 197 N.J. 325, 332 (2009)). Generally, "the best indicator of that intent is the plain language chosen by the Legislature." Id. at 176-77 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "Where the plain language of a statute is clear, we enforce the statute as written." Correa v. Grossi, 458 N.J. Super. 571, 579 (App. Div. 2019) (citing DiProspero, 183 N.J. at 492).

II.

Defendant argues the IID is a sentencing issue, not a matter for the MVC because it is a court-imposed penalty. We disagree.

N.J.S.A. 39:4-50(a)(2) governs the penalties imposed for a second DWI conviction and in part states:

> After the expiration of the license forfeiture period, the person may make [an] application to the Chief Administrator of the [MVC] for a license to operate a motor vehicle, which application may be granted at the discretion of the chief administrator . . . . For a second violation, a person shall also be required to install an [IID] under the provisions of [N.J.S.A. 39:4-50.17].

N.J.S.A. 39:4-50.21 provides that, pursuant to the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -31, "the division [of motor vehicles] shall promulgate rules and regulations for the installation and use of [IIDs]." N.J.S.A.

39:4-50.17b requires the chief administrator of the MVC to issue a semiannual summary report "concerning offenders required to install an [IID] pursuant to section [two] of [N.J.S.A. 39:4-50.17]." N.J.S.A. 39:4-50.18(a) requires the court to inform the chief administrator when a person is required to install an IID, and "[t]he commission shall require that the device be installed before restoration of the person's driver's license . . . ." The MVC also "imprint[s] a notation on the driver's license" noting the IID requirement, and only permits removal of the IID if the driver submits a certification of compliance with the IID requirements to the chief administrator. N.J.S.A. 39:4-50.18(b) to (c).

Although the IID mandate is required as part of a defendant's sentence, the Supreme Court has held it is an administrative penalty. See State v. Revie, 220 N.J. 126, 139-40 (2014) (defining the penalties prescribed by N.J.S.A. 39:4-50(a) as "administrative penalties," namely "the revocation of defendant's driver's license, the imposition of fines, and the installation of an [IID] pursuant to N.J.S.A. 39:4-50.17.").

It is clear the administration of the IID penalty and requirements belongs to the MVC. The trial judge correctly declined to consider it as a sentencing matter.

III.

Defendant argues N.J.S.A. 39:4-50.17(b), N.J.S.A. 39:4-50.18 and N.J.S.A. 39:4-50.19(a)[1] presuppose the offender owns or possesses a car and fail to consider situations where an offender has no access to a vehicle. She also notes the MVC regulations governing IID requirements, namely, N.J.A.C. 13:19-6.4(a) and (d), do not address this issue. As a result, defendant urges us to employ the rule of lenity to exempt her from the IID requirement. She argues just as "imprisonment upon nonpayment [of a fine] . . . is substituted punishment designed to achieve the punitive end which the fine was imposed to achieve[,]" her extended license suspension should substitute for the IID requirement.

In December 2019, the Legislature amended N.J.S.A. 39:4-50.17(c) to require that at sentencing, "[a]n offender who does not own, lease, or operate a motor vehicle shall attest to this to the court." (Emphasis added). The statute further states: "The driver's license of an offender who attests to not owning, leasing, or operating a motor vehicle shall be forfeited for the IID installation period required pursuant to . . . this section." Ibid. N.J.S.A. 39:4-50.17(c)

---

[1] N.J.S.A. 39:4-50.19(a) imposes a one-year license suspension penalty where a court has ordered the installation of an IID "in a motor vehicle owned, leased or regularly operated by [an offender] . . . unless the court determines a valid reason exists for the failure to comply." The statute is inapplicable here because it is an enforcement provision.

A-2115-19

contemplates that the sentencing court will address the lack of a vehicle at the time of sentencing, not after the fact as a sentence credit.

Notwithstanding the amendment, the Legislature did not modify N.J.S.A. 39:4-50(a)(2), which requires an application to the MVC where sentencing has already occurred. This statutory rubric is consistent with the principle that

> once a trial court has pronounced [a] sentence and entered a judgment of conviction, it relinquishes jurisdiction over the matter to the executive branch, except for the appellate process and to the extent that regular procedures permit the matter to be reopened in a judicial forum for limited purposes which can be achieved only in a court.
>
> [State v. Beauchamp, 262 N.J. Super. 532, 537 (App. Div. 1993).]

Therefore, the trial judge did not err when he held defendant's challenge was not a sentencing issue and should be addressed by the MVC.

"[T]he rule of lenity is applied only if . . . [the statutory] ambiguity is not resolved by a review of 'all sources of legislative intent.'" State v. Anicama, 455 N.J. Super. 365, 386 (App. Div. 2018) (quoting State v. Regis, 208 N.J. 439, 452 (2011)). Because the law is unambiguous, the rule of lenity is inapplicable.

IV.

Defendant argues conditioning the right to apply for restoration of her license on the IID requirement violates equal protection and due process. She

asserts the court failed to address her inability to procure a vehicle and suggests the IID requirement discriminates against the poor and economically disadvantaged.

"Constitutional questions should not be addressed unless they are imperative for the disposition of the litigation." Grant v. Wright, 222 N.J. Super. 191, 197-98 (App. Div. 1988) (citing State v. Salerno, 27 N.J. 289, 296 (1958)). For these reasons, we decline to reach defendant's constitutional arguments because the appeal has been resolved on other grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2115-19