**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3196-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALFRED NEGRON,

     Defendant-Appellant.

_____

          Submitted September 8, 2025 – Decided September 22, 2025

          Before Judges Natali and Bergman.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 21-09-0824.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

          Mark Musella, Bergen County Prosecutor, attorney for respondent (Deepa S. Jacobs, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After a Bergen County grand jury returned an indictment charging defendant with eleven offenses arising from a traffic stop in which the police seized a .380 caliber handgun, controlled dangerous substances, and United States currency in small denominations, among other items, he pled guilty to second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1). Consistent with his negotiated plea agreement, the trial judge sentenced defendant to a five-year custodial term with forty-two months of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6, and dismissed the remaining charges.

At his plea allocution, defendant testified he was guilty of the charged offense, that his guilty plea was voluntarily given, he was not under the influence of any medications which impaired his ability to enter his guilty plea, he reviewed the plea form with his attorney and was satisfied with his counsel's services. The court also considered a ballistics report provided by the State, and in combination with defendant's statements, determined his factual basis was sufficient for the weapon offense.

2

Defendant did not challenge either his conviction or sentence on direct appeal. Instead, he filed a timely PCR petition in which he attested his attorney provided him with ineffective assistance because he failed to fully investigate his case. According to defendant, had he properly investigated the matter, his counsel "would have been aware that the gun found in his possession could only eject a bullet smaller than three-eighths of an in[ch] [in] diameter," thus subjecting him to a third-degree charge under N.J.S.A. 2C:39-5(b)(2), rather than the second-degree charge to which he pled guilty under N.J.S.A. 2C:39-5(b)(1).[1]

---

[1] N.J.S.A. 2C:39-5(b) provides:

> (1) Any person who knowingly has in his possession any handgun, including any antique handgun, without first having obtained a permit to carry the same as provided in N.J.S.2C:58-4, is guilty of a crime of the second degree.

> (2) If the handgun is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person it is a crime of the third degree.

> (emphasis added).

A-3196-23

Defendant conceded that the .380 caliber handgun seized was not propelled by a "spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or … ignited by compressed air" but maintained because it was capable of ejecting a "bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person", he was guilty of only a third degree offense. Defendant argued, despite the fact N.J.S.A. 2C:39-5(b)(2) employed the conjunctive "and", the provision should be interpreted in the disjunctive. As such, he asserted his plea was illegal as it was "not [provided] voluntarily, willingly, and knowingly, and the factual basis provided was insufficient to sustain a second-degree charge and sentence." Defendant further claimed his plea counsel ineffectively prepared for trial and did not keep him appraised of relevant developments in his case.

After considering the parties' written submissions and oral arguments, the PCR judge rendered a written decision and concluded defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. The PCR judge specifically found defendant failed to establish his counsel's representation fell below an objective reasonable standard because his "counsel

4

did not err in allowing him to plead to the second-degree charge". The PCR judge explained "[w]hen reviewing and interpreting the Legislature's intent . . . conjunctive words such as 'and' [are] interpreted literally." He rejected defendant's interpretation of N.J.S.A. 2C:39-5(b)(2), and explained it was "simply… factually incorrect based on the plain meaning of the statute."

The PCR judge also found defendant failed to establish that he was prejudiced by his counsel's alleged deficient representation. Finally, the PCR judge concluded that because defendant failed to establish a prima facie claim of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

This appeal followed in which defendant raises the following points for our consideration:

> Point I: THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S CHALLENGE TO THE FACTUAL BASIS UNDERLYING HIS GUILTY PLEA.
>
> Point II: THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S ATTORNEY ADEQUATELY PREPARED AND ADVISED THE DEFENDANT.

In his first point, defendant reprises his argument the court erred in denying his petition because he did not provide an adequate factual basis in support of his guilty plea to second-degree unlawful possession of a weapon. He continues to maintain principles of statutory construction and the rule of lenity required the court to interpret N.J.S.A. 2C:39-5(b)(2), such that possession of a handgun that used a projectile less than three-eighths of an inch qualifies as a third-degree crime rather than a second-degree, regardless of the fact the .380 caliber weapon seized was not an air gun.

Second, defendant maintains his trial counsel was ineffective because he failed to investigate witnesses, review discovery, or consult with him regarding his defense, and argues the PCR judge failed to address these claims. He urges, at a minimum, that we should remand for a new hearing on these unaddressed claims.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

6

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and decide on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. at 462. To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the way counsel's performance was deficient, but also that the deficiency prejudiced him. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceedings. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

7

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition, and reject the arguments raised in defendant's first point substantially for the reasons detailed at length in the PCR judge's written opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that defense counsel's performance was not deficient, and defendant failed to sustain his burden of demonstrating prejudice as required by the Strickland test. We add the following comments to amplify our decision and to further address the contentions raised in defendant's second point.

We apply well-established principles when engaging in statutory interpretation. "The overriding goal" of statutory interpretation "is to determine . . . the intent of the Legislature, and to give effect to that intent." State v. Hudson, 209 N.J. 513, 529 (2012). We begin with the understanding "the language of the statute, and the words chosen by the Legislature should be accorded their ordinary and accustomed meaning." Id. "Where the plain language of a statute is clear, we enforce the statute as written." Correa v. Grossi, 458 N.J. Super. 571, 579 (App. Div. 2019) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

Moreover, "[i]f the language leads to a clearly understood result, the judicial inquiry ends without any need to resort to extrinsic sources." State v. Hudson, 209 N.J. 513, 529. "[E]xtrinsic aids may not be used to create ambiguity when the plain language of the statute itself answers the interpretative question; however, when the statutory language results in more than one reasonable interpretation, then resort may be had to other construction tools . . . in the analysis." Id. at 529-30 (citing State v. Shelley, 205 N.J. 320, 323-34 (2011)). These may "include[e] legislative history, committee reports, and contemporaneous construction." DiProspero v. Penn, 183 N.J. 477, 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)).

The rule of lenity "holds that, when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant." State v. Drake, 444 N.J. Super. 265, 284 (App. Div. 2016) (quoting State v. Rangel, 213 N.J. 500, 515 (2013)). The rule therefore only applies if a statute's "ambiguity is not resolved by a review of 'all sources of legislative intent.'" State v. Nicholson, 451 N.J. Super. 534, 552 (App. Div. 2017) (quoting State v. Regis, 208 N.J. 439, 452 (2011)).

We reject the defendant's first argument because, as the PCR judge correctly concluded, defendant's interpretation of N.J.S.A. 2C:39-5(b)(2) is

9

simply wrong. To qualify as a third-degree offense under that provision, the Legislature, by employing the disjunctive term "and" in the manner it did, clearly, and unequivocally, required a defendant to establish two separate elements, one addressing the propulsion of the weapon and the second the size of the bullet.[2] As a plain reading of the provision clearly provides, the Legislature used the disjunctive word "or" when defining differing propulsive forces but employed the conjunctive "and" to link the propulsive forces to the bullet size using the disjunctive term "or" once again to define the dimensions of the bullet or missile size. See State v. Revie, 220 N.J. 126, 136 (determining legislative intent via the construction of parallel language that follows conjunctive or disjunctive terms as well as the statutes plain language); see also State v. Cromedy, 261 N.J. 421, 432 n.2 (2025) ("N.J.S.A. 2C:39-5(b)(2) … governs air guns, spring guns, or similar weapons that use forces like springs, elastic bands, or compressed air as a propelling force [of the projectile].").

---

[2] We also note as a foundational matter defendant never provided the PCR court with competent proofs regarding the size of the bullet used in the seized weapon, and we find no support in that portion of the record cited by defendant that the State conceded the point. Even assuming the .380 caliber weapon was as described by defendant, it would not affect our decision because defendant would still have satisfied but one of the two elements of N.J.S.A. 2C:39-5(b)(2).

Because N.J.S.A. 2C:39-5(b)(2) is unambiguous, the rule of lenity has no application. State v. Nicholson, 451 N.J. Super. at 552. We also note the Legislature used a conjunctive construction in every iteration of N.J.S.A. 2C:39-5(b)(2) from 2009 to the present. See also Cannel, Current N.J. Criminal Code, cmt. 1 on N.J.S.A. 2C:39-5(b) (2024) ("Subsection b was amended by L. 2007, c. 284, 1, to make it a second-degree crime to possess a handgun without a permit unless the handgun is in the nature of an air gun, in which case it remains a third-degree crime"). Finally, none of the cases cited by defendant, all of which we have considered, support defendant's interpretation.

We also reject defendant's second argument. As the transcript of the parties' oral arguments and the PCR judge's written opinion reflect, the court was fully familiar with the parties' contentions. Although it would have been better practice for the court to specifically address all of defendant's arguments, under the circumstance presented, and after our de novo review, we are satisfied that a remand is unnecessary for the following reasons.

First, it is clear from the record that defendant's remaining arguments are without merit. As discussed, the gravamen of defendant's petition was that his counsel failed to correctly advise him that the offense to which he plead guilty was a third, not a second-degree, offense. As we have rejected defendant's

11

interpretation of N.J.S.A. 2C:39-5(b)(2), his counsel's performance could not have been deficient under Strickland for correctly advising him to plead guilty to a second-degree offense fully supported by the record which resulted in defendant receiving a favorable plea to a single charge in an eleven-count indictment and the dismissal of all remaining charges.

Defendant's other contentions, in which he summarily asserts his counsel failed to investigate witnesses, review discovery, or consult with him regarding his defense are nothing short of bald assertions contrary to State v. Cummings, 321 N.J. Super. at 170, and derivative of his primary argument which we have rejected. Indeed, defendant fails to identify any relevant witness his counsel failed to locate, or their proposed testimony. Nor does he certify the discovery he failed to receive, or detail the consequences of his counsel's alleged failure to meet and consult with him, nor does he explain how the outcome would have been different had any of these alleged deficiencies not occurred. We also note his claims are contrary to his statements at the plea hearing. Accordingly, these conclusory, unsupported claims are insufficient to establish a prima facie case of ineffective assistance warranting an evidentiary hearing. State v. Porter, 216 N.J. at 355.

A-3196-23

Considering our decision, we need not address the remaining procedural and substantive arguments raised by the State. Finally, to the extent we have not specifically addressed any of defendant's arguments, it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

13                                    A-3196-23